This is an action to recover an agent's commission for the sale of real estate. The defendant Milwaukee Land Company was engaged in the business of buying, improving, platting and selling real estate in various towns along the Chicago, Milwaukee St. Paul *Page 378 
Railroad, including the village of Strasburg in this state. A portion of the holdings of the defendant in the village of Strasburg had been platted into lots and blocks, as an addition to the town, and other lands had been platted as out-lots. On or about March 11th, 1911, the defendant by letter offered to appoint the plaintiff bank its local agent and to pay for services rendered a commission of 4 per cent on sales and 1 per cent on collections, such commissions to be paid by vouchers issued monthly or quarterly from the Milwaukee office. While the record does not contain any formal acceptance of the offer, it does appear that the relations thus proposed were established and that the plaintiff bank from that time forth had charge of the sales and collections for the defendant land company as regards lots in the village of Strasburg. A commission was paid on all sales from that time until the transaction in question here, with the single exception of two tracts of land that were sold to a church corporation to be used for religious purposes. On or about July 11th, 1919, one Dillman opened negotiations with the defendant company for the purchase of all of its acreage property at Strasburg. The defendant company quoted a price on its holdings and at once transmitted a copy of the letter to the plaintiff bank. On July 22d, Dillman accepted the offer by wire and on that day paid to the defendant, through the plaintiff bank, the sum of $9,296.33. Later the plaintiff bank demanded its commission upon this sale; the defendant refused to pay it, claiming that the arrangement formerly made, and under which the parties had been acting since March 11th, 1911, did not apply to the property in question, but applied only to that portion of their holdings which had been platted into lots and blocks and on which a definite price had been fixed. The plaintiff brought this action. The principal question in controversy was whether the agreement between the parties, under which they had acted, covered the transaction in question so as to entitle plaintiff to compensation. This question was submitted to the jury, and the jury returned a verdict in favor of the plaintiff. The defendant moved for judgment notwithstanding a verdict or for a new trial. The motion was denied and defendant has appealed from the judgment and from the order denying its motion for judgment notwithstanding the verdict or for a new trial.
The record presented is quite voluminous. There was no formal *Page 379 
contract between the parties. The inception thereof was a written proposal made by the defendant which was not formally accepted by the plaintiff, but which was acted on. And there is no room for doubt that during the years following the plaintiff was the agent of the defendant company in all respects as regards its holdings in the village of Strasburg. It looked after all matters incident to such property such as usually arise in villages and cities. The plaintiff bank was authorized to lease the out-lots and acreage property according to its own best judgment and was allowed the 5 per cent commission provided in the original arrangement for sales and collections. As already indicated the basic question in the case is whether there is any substantial evidence tending to establish that there was an agreement between the parties that the plaintiff was to be paid a 5 per cent commission for the transaction in question here. That question was submitted to the jury and they answered it in favor of the plaintiff, and in our opinion that finding may not be disturbed. The question is not whether any one incident standing by itself establishes such agreement, but whether all the facts are such that reasonable men in the exercise of reason and judgment may conclude that there was such an agreement. And after a painstaking consideration of all the facts in the case we are of the opinion that the question is one on which reasonable men may reasonably differ, and that the trial court was correct in submitting the same to the jury and that the finding of the jury is binding.
The other questions raised upon the appeal are either dependent upon the one discussed or so closely related thereto that what has been said, in effect, determines them, and we deem any further discussion unnecessary.
The judgment and order appealed from are affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur. *Page 380